█ CHARLES H. TENNEY, as Corporation Counsel of the City of New York, Respondent, v. LIBERTY NEWS DISTRIBUTORS, INC., et al., Appellants, et al., Defendants.— Order entered on January 19, 1961, which granted plaintiff's motion for an injunction *pendente lite*, unanimously affirmed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to the respondent. This is a companion proceeding to *Tenney* v. *Liberty News Distrs.* (Case No. 9). Since the court is unanimously of the opinion that the order appealed from should be affirmed, and because of the nature and present stage of the proceeding, in the ordinary case we would not feel compelled to write thereon. However, the appellants point out and protest the fact that an ex parte injunction was contained in the show cause order issued originally. While it may be, as the respondent contends, that the propriety or validity of that stay has become moot, having been superseded by the temporary injunctin, we are of the view that section 22-a of the Code of Criminal Procedure does not authorize the issuance of an ex parte injunction. That section provides for an expeditious determination of the issues, and even a temporary injunction under section 22-a should issue only after both sides have had an opportunity to be heard. This observation is merely for the future guidance of the interested parties. Concur — Botein, P. J., Breitel, Stevens, Eager and Bergan, JJ. [27 Misc 2d 692.]

█ MANUEL GONZALEZ, Appellant, v. AARON ROSENBLATT et al., Respondents.— Order entered on November 2, 1960, denying plaintiff's motion to vacate order dismissing the complaint for failure to prosecute, unanimously modified, on the law, on the facts, and in the exercise of discretion, and motion granted, with $10 costs as to the cause of action against defendant Rosenblatt; and in other respects affirmed, with $20 costs and disbursements to each prevailing party. Although plaintiff shows that the delay in the prosecution of the action is attributable to his former attorney and sufficiently shows a cause of action for assault against defendant Rosenblatt, he does not show any factual basis for the cause of action against the corporate defendant. The defendants' motion to dismiss for lack of prosecution followed plaintiff's notice for the examination of defendants before trial, which was adjourned at defendants' request. This was not factually denied in the answering papers of the defendants on the motion to vacate the order of dismissal, and we do not regard the statement in the answering affidavit of the attorney for one of the defendants that "There is no merit to the proposition * * * that the case was not placed upon the Calendar at the request of the defendants" as a denial of the time sequence in which the motion to dismiss followed the notice for examination. Concur — Botein, P. J., Breitel, Stevens, Eager and Bergan, JJ.