ELMER S. STENGEL, as Corporation Counsel of the City of Buffalo, Respondent, *v.* WILLIAM SMITH et al., Appellants.

Fourth Department, May 16, 1963.

*Lipsitz, Green & Fahringer (Herald P. Fahringer, Jr.,* of counsel), for appellants.

*Elmer S. Stengel, Corporation Counsel,* in person, and *Anthony Gregory* for respondent.

*Per Curiam.* Denial to appellants of the due process of law, guaranteed to them by the Fourteenth Amendment of the Constitution of the United States and section 6 of article I of the Constitution of the State of New York, by seizure of allegedly obscene publications prior to any adjudication of their obscenity, infected the action and for that reason the final order must be reversed.

Plaintiff brought this action under section 22-a of the Code of Criminal Procedure on January 4, 1963. In his amended complaint verified on January 9, 1963, he alleges that on December 5, 1962 police officers purchased and otherwise obtained one or more copies of 113 specified books, magazines, articles and photographs from a store owned by the corporate defendant and operated by the individual defendant. He further alleges that such prints and articles are obscene and that sale thereof by defendants can reasonably be anticipated. Judgment is demanded that defendants be restrained from selling them.

Defendants admit that the specified prints and articles were obtained by the police as alleged but deny that they are obscene. They allege that 79 cartons of magazines, books and other property subject to the proceeding were confiscated from defendants on December 5, 1962, without their consent and contrary to their constitutional rights, depriving them of due process, intended to be accorded by the provisions of section 22-a of the Code of Criminal Procedure. On the trial, the articles specified in the amended complaint were received in evidence as Exhibits 7 to 119. There is no proof as to which ones, if any, were purchased and which were otherwise obtained, although it does appear that only five articles had been purchased and that some of these were not included in the complaint.

The trial court rendered its decision on January 14, 1963, in which it found that the police officers on December 5, 1962 took by purchase and seizure the items listed in the amended complaint; that defendants intended to sell or distribute them and that they were obscene. The final order appealed from enjoined defendants from selling any copies thereof.

Section 22-a which confers jurisdiction on the Supreme Court to enjoin sale of obscene articles contemplates a minimum of restraint upon the defendant prior to a judicial determination of the issue of obscenity. The person sought to be enjoined is entitled to a trial within one day after issue is joined and a decision must be rendered by the court within two days after the conclusion of the trial. In *Kingsley Books* v. *Brown* (354 U. S. 436) the court, in holding that section 22-a is constitutional, pointed out that it supplements the existing conventional criminal provision dealing with pornography by authorizing a limited injunctive remedy under closely defined procedural safeguards. *Kingsley Books* does not support the proposition that the extensive restraints imposed here on the distribution of these publications may be imposed prior to an adversary proceeding on the issue of obscenity irrespective of whether or not the material is legally obscene. (*Marcus* v. *Search Warrant*, 367 U. S. 717, 735, 736.)

In the *Marcus* case, a general search warrant for obscene publications was issued in advance of a hearing and the police officers seized whatever they thought to be obscene. The court held that the procedures applied lacked the safeguards which due process demands to assure nonobscene material the constitutional protection to which it is entitled. The court said (p. 733): "Procedures which sweep so broadly and with so little discrimination are obviously deficient in techniques required by the Due Process Clause of the Fourteenth Amend-

ment to prevent erosion of the constitutional guarantees." That principle is applicable here. In this case, as in *Marcus,* the procedures applied lacked the required safeguards. As in that case, the police officers here were the judges of what was obscene and to be seized. As in that case, the seizure here afforded no opportunity to the appellants to elicit or contest the reasons for the determination of obscenity or the propriety of the seizure before the seizure itself. Here, as there, there was no judicial scrutiny of the publications prior to the seizure. The record does not disclose which, if any, of the five purchased articles are included in this action. If there were any such, they constituted a part of the action which was tainted by the constitutional violation. Since violations of the Fourteenth Amendment of the Constitution of the United States and section 6 of article I of the Constitution of the State of New York infected the entire action (*Marcus* v. *Search Warrant, supra,* p. 738) we do not reach the question of obscenity of the seized material.

The final order should be reversed and the complaint dismissed.

WILLIAMS, P. J., BASTOW, GOLDMAN, McCLUSKY and HENRY, JJ., concur.

Final order unanimously reversed on the law and facts, without costs of this appeal to any party, and complaint dismissed, without costs.