**RAGE BOOKS, INC., Plaintiff,**

v.

**Howard R. LEARY, Police Commissioner of the City of New York, et al., Defendants.**

**No. 69 Civ. 847.**

United States District Court
S. D. New York.

July 1, 1969.

Rehearing Denied Aug. 15, 1969.

Ralph J. Schwarz, Jr., New York City, for plaintiff.

J. Lee Rankin, Corporation Counsel of City of New York, New York City, for defendants, Leary and Rosette; by Irving Gerstman, Brooklyn, and Douglas J. Besharov, New York City, of counsel.

Frank S. Hogan, Dist. Atty., New York County, New York City; by Michael R. Juviler, New York City, Lewis Friedman and Herman Kaufman, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for defendant Criminal Court and Supreme Court; by Charles A. La Torrela, Jr., New York City, of counsel.

## OPINION

POLLACK, District Judge.

The operator of a retail book store in the Times Square area of New York City sues members of the Police Department, the District Attorney and several State court judges for a declaratory judgment that Section 235.10(1) of the New York Penal Law, McKinney's Consol.Laws, c. 40, which creates a statutory presumption relating to obscenity offenses, is unconstitutional and that Sections 791 *et seq.* of the New York Code of Criminal Procedure, governing search warrant procedures, are unconstitutional as applied to obscenity offenses. Plaintiff seeks a declaration that previous arrests of its officer and employees and seizures of materials, which had either been promoted or possessed with intent to be promoted were illegal and excessive, an injunction against *pending* criminal prosecutions and an order that the materials seized be returned to it. An injunction is also sought against *future* arrests and seizures if made without a prior judicial determination of obscenity upon an adversary proceeding. A three-judge court to deal with these matters, and interlocutory injunctive relief, have been demanded.

### I.

The grounds asserted for the claimed unconstitutionality of New York Penal Law Section 235.10(1), viz., that it creates a conclusive presumption, that it shifts the burden of proof of scienter to a defendant and that it eliminates as a defense good faith belief that the material is not obscene; do not raise a substantial constitutional question. The presumption is not "conclusive", People v. Terra, 303 N.Y. 332, 334–335, 102 N. E.2d 576 (1951), the burden of proof of the case is not shifted, Speiser v. Randall, 357 U.S. 513, 523–524, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958), and the good faith referred to is not a defense protected by the First Amendment, Mishkin v. New York, 383 U.S. 502, 510, 86 S.Ct. 958, 16 L.Ed.2d 56 (1966).

### II.

Even assuming that a substantial constitutional question has been raised as to a procedure which, in advance of adversary hearing on the issue of obscenity, includes the seizure of allegedly obscene material and the arrest of those in possession thereof, plaintiff is, nevertheless, not entitled to have a three-judge court convened to consider this question.

A three-judge court is properly convened only upon the ground of the alleged unconstitutionality of a statute. Swift & Co. v. Wickham, 382 U.S. 111, 120, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). It is not to be convened to restrain the alleged lawless exercise of authority by a state official. See, Evergreen Review, Inc. v. Cahn, 230 F.Supp. 498, 502 (E.D.N.Y.1964) (three-judge court).

The statutes governing the procedures used here, New York Code of Crim.Proc. § 791 *et seq.*, do not prohibit an adversary hearing if constitutionally required prior to an arrest or seizure. Consequently, unlike the statute involved in *Evergreen Review, supra* at p. 501, n. 2, the statute here may be constitutionally applied. That being so, even if a substantial federal question is raised here, it does not concern the constitutionality of the statute but only the constitutionality of the result obtained by use of the statute. Tyrone, Inc. v. Wilkinson, 4th Cir., May 6, 1969, 410 F.2d 639, affirming 294 F.Supp. 1330 (E.D. Va.1969). Any unlawful seizures made here can be remedied without convening a three-judge court. *Cf.* Potwora v. Dillon, 386 F.2d 74 (2d Cir. 1967).

### III.

The Supreme Court has held that confiscatory seizure of substantial quantities of books or other matter is not permissible unless preceded by an adversary judicial determination of the obscenity of the material. A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 84 S. Ct. 1723, 12 L.Ed.2d 809 (1964). See,

United States v. Brown, 274 F.Supp. 561 (S.D.N.Y.1967).

█ An arrest and an accompanying seizure of specimens only of the allegedly obscene materials are another matter entirely. No decision has thus far prohibited the normal police function of effecting an arrest and the seizure of sample evidence of a suspected crime being committed. Such an arrest and a limited supporting seizure are not tantamount to a prior restraint since the jeopardy faced is essentially the restraint of obscenity law itself in respect of the remainder of the wares on the shelves and self-censorship in respect thereof at the option of the merchant. It has never been held that liberty of speech is absolute. Times Film Corp. v. City of Chicago, 365 U.S. 43, 47, 81 S.Ct. 391, 5 L.Ed.2d 403 (1961). The protection even as to previous restraint is not absolutely unlimited. Near v. Minnesota, 283 U.S. 697, 716, 51 S.Ct. 625, 75 L. Ed. 1357 (1931).

The plaintiff would require the police to proceed by a prior adversary judicial hearing on the question of its obscenity before a specimen of questioned matter could be seized as evidence. The plaintiff would eliminate the right of the police to arrest the purveyor of the material until after the adversary judicial hearing. This all seems to carry the protection of liberty of speech too far and adversely to the public interest to be protected.

█ We must clearly understand that obscenity is not protected under the Free Speech Clause of the Constitution; it is a valid exercise of the State's police powers to enact legislation making the dissemination of obscene material unlawful, Roth v. United States, 354 U.S. 476, 485–487, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957). Yet the merchants of what our eyes and ears tell us and our common sense confirms to be obscene, resist any effort to place them in jeopardy of arrest and seizure of evidence without a prior declaratory judgment of obscenity under adversary circumstances.

It cannot be the law, free speech rights notwithstanding, that peddlers and purveyors of smut and despicable vulgarity have a constitutional license to publicly exploit pictures, magazines and books plainly exhibiting gross depravity, with complete immunity from on-the-spot arrest of the merchant and seizure of a reasonable quantity of the evidence on which to prosecute the arrest. It seems ludicrous to suggest that apprehension of suspected criminals and their unsavory wares requires adversary court proceedings to stamp the contents as probably obscene and to obtain authorization for an arrest and a seizure of the evidence supporting the arrest. While this sort of scene is being enacted, the sale and distribution of the material would not be in any jeopardy and the evidence could be consumed—probably at an accelerated rate under the impetus of publicity of obscenity proceedings in respect thereof. If the police are unable to seize the evidence on which the arrest depends, there is real danger that it will become unavailable to a prosecution before a trial of an adversary issue can be concluded. It is fatuous to assume that the evidence would not meanwhile be sold off or destroyed while an adversary contest was being waged or that the itinerant hucksters in these shops will meanwhile not have flown the coop. The declaratory judgment procedure demanded by plaintiff would be tantamount to suspension of obscenity law and would make a mockery of obscenity law and obedience to it.

That a policeman is free to buy a copy of the offensive matter makes no material or rational difference. The only deprivation from a seizure is of a profit to the suspected lawbreaker. The police are not constitutionally required to fill the coffers of suspects rather than to seize undeniable specimens as evidence.

Moreover, the procedure of arrest and the seizure of evidence as an incident to such arrest seem a reasonable way to apprehend suspects as long as we do have police. It certainly has more in its favor than a system of apprehension after

judgment which would only serve "unnecessarily to handicap the States in their efforts to curb the dissemination of obscene material." A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 215, 84 S.Ct. 1723, 1728, 12 L.Ed.2d 809 (1964) (dis. opin. per Harlan, J.).

Presumably, the questioned procedure herein should not have involved the Court's examination of the material seized. If plaintiff is right, it was improper, regardless of content, for the police to make any seizure. However, since good faith and reasonableness of the conduct of the state authorities has a bearing in this Court's view, an examination made of the exhibits more than satisfies the Court that there is a high degree of probability that the plaintiff is not able to prove defendants' bad faith and that there is an evident validity to the charge of obscenity levelled at the matter involved here.

This Court regards the material involved here as not less than salacious, vulgar, depraved and offensive to a normal sense of decency, substantially devoid of any redeeming social or other proper value. It bears no serious message. Its commercial exploitation certainly warrants the immediate apprehension of those responsible, to answer to the charges of the State. Even a cursory examination of the exhibits before the Court confirms that the procedural subtleties urged by plaintiff would hobble the state authorities in their legitimate attempt to protect an important societal interest "without contributing in any genuine way to the furtherance of freedom of expression that our Constitution protects." A Quantity of Copies of Books v. Kansas, 378 U.S. 205, 215, 84 S.Ct. 1723, 1728, 12 L.Ed.2d 809 (1964) (dis. opin. Harlan, J.).

The courts are indeed the bulwarks of our democratic society but in advancing the standard of free speech we must not neglect human decency and civility. To win the stamp of approval as defenders of civil rights and liberties we ought not overreact to the pressures and fashions of the day.

In striking description apposite here to the matter before the Court, Fuld, J. (now Chief Judge Fuld) wrote:

"It focuses predominantly upon what is sexually morbid, grossly perverse and bizarre, without any artistic or scientific purpose or justification. Recognizable 'by the insult it offers, invariably, to sex, and to the human spirit' * * * it is to be differentiated from the bawdy and the ribald. Depicting dirt for dirt's sake, the obscene is the vile, rather than the coarse, the blow to sense, not merely to sensibility. It smacks, at times, of fantasy and unreality, of sexual perversion and sickness and represents, according to one thoughtful scholar, 'a debauchery of the sexual faculty.'" (People v. Richmond County News, Inc., 9 N.Y.2d 578, 587, 216 N.Y.S.2d 369, 376, 175 N.E.2d 681, 686 [1961]).

The procedural means of bringing matter to court which prima facie exhibits the probability of a violation of obscenity law must be an effective means not unreasonably submerged to tenets of free speech but reasonably in balance therewith. This necessarily connotes that freedom of speech is not an absolute in obscenity areas.

The First Amendment, guaranteeing freedom of speech and of the press, was never designed or intended to protect the purveyors of filth against the more important interests of our society as a whole. In balance, public decency and morality are more important than the deprivation resulting from the banning of noxious publications which seem to appeal to that small segment of our people whose baser instincts make reading of obscenity and pornography their favorite pastime. (Larkin v. G. P. Putnam's Sons, 14 N.Y.2d 399, 408, 252 N.Y.S.2d 71, 79, 200 N.E.2d 760, 766 (per Scileppi, J. in dissent) (1964).

In sum, there can be no possible doubt that the police officers making the arrests here had probable cause to believe that crimes were being committed and by reason thereof they were

thoroughly justified in seizing sufficient specimens of the evidence warranting the arrest of the alleged criminals.

## IV.

As has been previously stated, a seizure limited to specimens of the allegedly obscene materials to substantiate an arrest by the evidence thereof is a reasonable and not unconstitutional exercise of the police power and function.

Possession of six specimens of a book or magazine has been made, by statute, presumptively a holding intended for commercial promotion. New York Penal Law, Section 235.10(1). Thus, seizure of six specimens of each title or issue alleged to be obscene and present at any one time in plaintiff's store is a reasonable and proper seizure, reasonably needed for evidentiary purposes.

## V.

The plaintiff seeks an interlocutory injunction against prosecution of the pending criminal cases as well as an injunction against future arrests, seizures and prosecutions. Irrespective of whether a three-judge court is convened or this Court alone passes on the question, the relief requested poses the issue of the Court's power to grant such relief. The statute provides that:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

The plaintiff contends that its rights protected by the Civil Rights Act, 42 U.S.C. § 1983 entitle it to federal injunctive relief on the contention that this Act constitutes an exception expressly authorized by the Congress.

 The Supreme Court has expressly left open the question whether federal injunctive relief may be granted to restrain pending state prosecutions allegedly violating rights protected by the Civil Rights Act, 42 U.S.C. § 1983. Cameron v. Johnson, 390 U.S. 611, 613, n. 3, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Dombrowski v. Pfister, 380 U.S. 479, 484, n. 2, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Likewise, the Second Circuit has, so far, found it unnecessary to decide the issue. Stevens v. Frick, 372 F.2d 378, 380–381 (2d Cir. 1967). The Second Circuit has however indicated its preference for the view of the majority of the Circuits that federal injunctive relief is unavailable to restrain *pending* state prosecutions (Studebaker Corp. v. Gittlin, 360 F.2d 692, 697 (2d Cir. 1966)) and this Court so holds in respect of the question raised in this case.[1] And, when such relief is sought to restrain *future* state prosecutions allegedly violating the same rights, an initial consideration by the state courts of the issue raised is to be preferred. 208 Cinema, Inc. v. Vergari, 298 F.Supp. 1175 ftn. 2 (S.D.N.Y. April 29, 1969); See, Studebaker Corp. v. Gittlin, *supra*, 360 F.2d at 697, n. 4.

## VI.

The plaintiff's motions for the convening of a three-judge court, for an injunction against pending criminal prosecutions and all further arrests and seizures are, in all respects, denied. The plaintiff's motion for the immediate return of every item seized in the arrests to date is denied. However, any magazines or books seized in excess of six specimens of each title or issue shall be returned by the Police Department to the plaintiff forthwith in accordance with the offer of the defendants. No further injunctive relief is warranted here since there is nothing which would suggest to the Court that, in the future, state officials will not observe constitutional limitations. *Cf.* Dombrowski v. Pfister, 380 U.S. 479, 484, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). The defendants'

---

1. See *contra*, Cambist Films, Inc. v. Illinois, 292 F.Supp. 185 (N.D.Ill.1968); Carmichael v. Allen, 267 F.Supp. 985 (N.D.Ga.1967).

motions to dismiss the complaint for failure to allege a legally sufficient claim on which relief may be granted, for failure to raise a substantial federal question, and for failure to set forth any legally sufficient basis for an injunction are granted, except as to the relief set forth herein.

Settle order on notice returnable before the Court on or before July 8, 1969 by 11 A.M.

## ON REARGUMENT

The application for reargument does not suggest any material fact or controlling principle of law which was misapprehended or overlooked. This Court, with respect for the view of the United States District Court for the Eastern District of Louisiana, New Orleans Division, declines to follow the doctrine expressed in Delta Book Distributors, Inc. v. Cronvich, Civil Action No. 69–322 (E.D.La. July 14, 1969), for the reasons already stated in the opinion previously filed herein.

The motion for reargument is, in all respects, denied.

So ordered.