420 F.2d 687
 CAMBIST FILMS, INC., a Corporation, Appellant,
v.
Robert W. DUGGAN, District Attorney for Allegheny County, Commonwealth of Pennsylvania, Edward G. Crone, Chief of Detectives, Allegheny County, Commonwealth of Pennsylvania, Joseph M. Loughran, District Attorney for Westmoreland County, Commonwealth of Pennsylvania and Edward Gordon, Chief of Detectives of Westmoreland County, Commonwealth of Pennsylvania.
 No. 17985.
 United States Court of Appeals Third Circuit.
 Argued November 7, 1969.
 Decided December 30, 1969.
 
 David F. Alpern, Alpern & Alpern, Pittsburgh, Pa., for appellant.
 Henry A. Martin, Asst. Dist. Atty., Greensburg, Pa. (Joseph M. Loughran, Dist. Atty., Greensburg, Pa., on the brief), for appellee.
 Before MARIS, SEITZ and STAHL, Circuit Judges.
 OPINION OF THE COURT
 MARIS, Circuit Judge.
 
 
 1
 The plaintiff in this case is the owner of distribution rights to a motion picture film, titled "The Female". In March, 1969 the plaintiff contracted with four theatres in Allegheny County and one in Westmoreland County, both in the Western District of Pennsylvania, to exhibit the picture for a week's run. On March 7 and 8, 1969 Allegheny County detectives viewed a portion of the showing of the film at each of the four theatres in that county, after which they seized the prints of the film being projected at those theatres without warrants, alleging the picture to be obscene, and instituted criminal proceedings against the theatre managers for violation of the Pennsylvania obscenity statute. 18 P.S.(Pa.) § 4524. On March 13, 1969 Westmoreland County detectives viewed the entire showing of the film at the theatre at which it was being shown in that county and then seized, without a warrant, the print of the film being projected in that theatre and instituted criminal proceedings against the theatre manager and the projectionist.
 
 
 2
 On March 17, 1969 the plaintiff filed the present action in the District Court for the Western District of Pennsylvania against the district attorneys of Allegheny and Westmoreland Counties and their chiefs of detectives for an order to compel the return of the prints and an injunction against any criminal prosecutions arising out of the seizure of the prints. After a hearing the district court filed an opinion, 1969, 298 F.Supp. 1148, and entered an order directing the Allegheny County defendants to return the prints seized in that county and dismissing the action as to the Westmoreland County defendants. The order did not enjoin any of the criminal prosecutions. From the order dismissing the action as to the Westmoreland County defendants the plaintiff took the appeal which is now before us.
 
 
 3
 Briefly stated, the rationale of the district court was that the seizure of the film prints without a warrant was lawful if made incident to a lawful arrest without a warrant for a crime committed in the presence of the arresting officer. The court further reasoned that the arrest in Westmoreland County was lawful because the arresting officers were in a position to determine that the film was obscene, having viewed it in its entirety, but that the arrests in Allegheny County were not valid, and therefore the seizures were invalid, because the officers, not having viewed the film in its entirety, were not in a position to determine that "its dominant theme, taken as a whole, [had] an appeal to prurient interest", the test laid down by the Pennsylvania statute. 18 P.S.(Pa.) § 4524(a).
 
 
 4
 We cannot agree with the basic premise of the district court that police officers may, after viewing a motion picture themselves, determine whether it is obscene and, if they determine it to be obscene, proceed to arrest the exhibitor and seize the film without a warrant. On the contrary, it is now settled that the First and Fourteenth Amendments to the Constitution require that there be an adversary judicial hearing and determination of obscenity before a warrant may be issued to search and seize alleged obscene materials. Marcus v. Search Warrants, 1961, 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127; A Quantity of Copies of Books v. State of Kansas, 1964, 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed.2d 809. Such a hearing and determination is, a fortiori, required where officers, as in this case, seize without a search warrant materials alleged by them to be obscene. For such a nonjudicial ex parte determination does not afford the owner due process of law. State v. Parisi, 1962, 76 N.J.Super. 115, 183 A.2d 801; Stentel v. Smith, 1963, 18 A.D.2d 458, 240 N.Y.S.2d 200; Flack v. Municipal Court for Anaheim-Fullerton J. D., 1967, 66 Cal.2d 981, 59 Cal.Rptr. 872, 429 P.2d 192; City News Center, Inc. v. Carson, D.C.Fla.1969, 298 F. Supp. 706; Sokolic v. Ryan, D.C.Ga.1969, 304 F.Supp. 213.
 
 
 5
 We are in complete accord with the views expressed by the Supreme Court of California in Flack v. Municipal Court, supra, in which case, which involved facts similar to those in the present case, the court said: [59 Cal. Rptr. at 878, 879, 429 P.2d at 198, 199]
 
 
 6
 "While it is settled that in the ordinary case a search incident to an arrest is not `unreasonable' if the arrest itself is lawful * * * the First Amendment compels more restrictive rules in cases in which the arrest and search relate to alleged obscenity. The lesson of Marcus, Quantity of Books * * * is that since constitutionally protected speech is involved, `Determination by police officers of the status of suspected books, papers, etc. — whether to be classified as obscene or not obscene — is not enough protection to the owner to constitute due process.' (Italics added) * * *.
 
 
 7
 "* * * It is incongruous to condemn, as vesting too abundant discretion in the enforcing officer, a search and seizure made on an overly broad warrant * * * while permitting officers an unfettered discretion in seizures effected without a warrant under the guise of being incident to arrest. In both circumstances constitutionally compelled procedural safeguards are lacking * * *"
 
 
 8
 It follows that the seizure of the print of the plaintiff's film "The Female" by the Westmoreland County detectives on March 13, 1969 was illegal and that so much of the order entered by the district court as dismissed the action against the Westmoreland County defendants must be reversed and the cause remanded for the entry of an appropriate order directing those defendants to return the print to the plaintiff.
 
 
 9
 In its notice of appeal the plaintiff complained of the failure of the order of the district court to enjoin the prosecution of the criminal cases arising in connection with the seizure of the film prints. This point, if pressed, would involve the more difficult question of the power of a federal court to interfere with the prosecution of a criminal case in the state court. However, it was not pressed on appeal and we do not consider it.
 
 
 10
 So much of the order of the district court as dismissed the action with respect to defendants Joseph M. Loughran and Edward Gordon will be reversed and the cause will be remanded to the district court with directions to enter an order directing those defendants forthwith to return to the plaintiff the print of the motion picture film, titled "The Female", which was seized by Westmoreland County detectives on March 13, 1969.