**AMSTERDAM FILM CORPORATION,**
**Guild Theatre, Inc., S. Ralph Green,**
**President of Guild Theatre, Inc., and**
**Millard B. Green, Secretary/Treasurer**
**of Guild Theatre, Inc.**

v.

**Robert W. DUGGAN, District Attorney**
**of Allegheny County, and his Agents,**
**Servants and Employees, William H.**
**Davis, Sheriff of Allegheny County, and**
**his deputies,**

**Amsterdam Film Corporation, Appellant.**

**No. 17522.**

United States Court of Appeals,
Third Circuit.

Argued Jan. 22, 1970.

Decided Feb. 24, 1970.

* Honorable Elbert Parr Tuttle, Senior United States Circuit Judge, Fifth Circuit, sitting by designation.

Edmund C. Grainger, Jr., New York City, for appellants.

Gerald C. Paris, Asst.Dist.Atty., Pittsburgh, Pa., for appellees.

Before FORMAN, SEITZ and ADAMS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from a judgment of the district court dismissing a complaint seeking injunctive relief.

We shall summarize the allegations material to our disposition. Plaintiff Amsterdam owns and distributes motion picture films including "Therese and Isabelle" ("the film"). The other plaintiffs operate the Guild Theatre. The film was being exhibited in the Guild Theatre on July 19, 1969, when the principal defendant, the District Attorney of Allegheny County ("District Attorney"), instituted an equity action in a Pennsylvania state court against the plaintiffs other than Amsterdam to enjoin the showing of the film on the ground that it was obscene. At the same time the District Attorney filed a criminal complaint against the plaintiffs other than Amsterdam for violation of section 528 of the Pennsylvania Criminal Code, which makes it a crime to show an obscene movie.

A few days later plaintiffs instituted this action in which the preliminary relief sought was an order restraining defendants from (1) seizing or threatening to seize the film or otherwise interfering with its exhibition and (2) continuing to prosecute the pending equity action. After abstaining for a short period the district court entered the order of dismissal which is not before us. The district court's memorandum shows that the court in reality applied the judicial abstention doctrine on the ground that the pending state court proceedings assured "a prompt judicial determination of obscenity" pursuant to constitutionally adequate procedural safeguards.

The parties agreed at the oral argument of this appeal that the Supreme Court of Pennsylvania had decided in a state equity action that the film could not be constitutionally banned in Pennsylvania on obscenity grounds. That determination, say defendants, renders this case now moot and they argue for the dismissal of the appeal on that ground.[1] Although the plaintiffs concede that the dispute over the exhibition of the film is now academic, they insist that the appeal is not moot. They say

1. At argument counsel for the defendant District Attorney agreed that the criminal prosecution would fall under the Pennsylvania Supreme Court ruling.

that "in view of the demonstrated proclivity of District Attorney Duggan to institute proceedings clearly violative of constitutional due process and free speech guarantees, it is important that an erroneous decision by the Court below, * * * should not be allowed to stand."

We conclude that the appeal is moot and we think the answer to plaintiffs' argument to the contrary may be found from a consideration of recent pertinent decisions of his court.

In Grove Press, Inc. v. City of Philadelphia, 418 F.2d 82 (1969), our court spelled out the proper application of the abstention doctrine and the federal constitutional requirements applicable to the Pennsylvania preliminary injunction process. To the extent the district court's memorandum here is inconsistent with *Grove Press*, it lacks vitality. Furthermore, this court has recently reiterated the federal constitutional principles which govern the seizure of movie films. Cambist Films, Inc. v. Duggan, 420 F.2d 687 (1969). Both *Grove Press* and *Cambist* were decided by this court after the defendant took the action which is attacked by the complaint in this action. We therefore must and do assume that the District Attorney's future conduct will be consistent with the principles announced in those cases.

Appellants rely on Carroll v. President and Com'rs of Princess Anne, 393 U.S. 175, 89 S.Ct. 347, 21 L.Ed.2d 325 (1968) to support their thesis that this appeal is not moot. In that case the state supreme court had upheld the validity of an ex parte restraining order which prevented the holding of public rallies and meetings of the group involved. Although the ten day restraining order had expired, the United States Supreme Court concluded that the appeal was not moot because the underlying issue persisted because of the continuing activities and programs of group involved and the state supreme court's imprimatur on the order. In the Supreme Court's view the issue which persisted was "to what extent the authorities of the local governments may restrain petitioners [the group] in their rallies and public meetings." In contrast, the constitutional principles here applicable have been announced by our court in *Grove Press* and *Cambist* and of course are binding on the district court. Thus, they may be promptly invoked if action inconsistent with them is taken by these defendants.

The appeal will be dismissed on the ground of mootness.