**HALSTEAD, FAUSS & POTTER, INC.,**
**Plaintiff,**

v.

**Patrick MURPHY, Commissioner of the Police Department of the City of New York and Frank S. Hogan, District Attorney of New York County, Defendants.**

**No. 72 Civ. 1534.**

United States District Court,
S. D. New York.

July 19, 1972.

Emil, Kobrin, Klein & Garbus by Martin Garbus, New York City, for plaintiff.

Norman Redlich, Corp. Counsel, by Michael Klein, New York City, for Patric Murphy.

Frank S. Hogan, Dist. Atty., New York County, by Arthur Weinstein, Asst. Dist. Atty., New York City, for Frank S. Hogan.

MEMORANDUM and ORDER

BRIEANT, District Judge.

Plaintiff, a bookseller, seeks injunctive relief pending trial requiring immediate return by defendants of allegedly obscene properties seized under a state search warrant, prevention of further seizing of materials or arresting of any agents or employees on the basis of the

material seized, and other similar equitable relief.

Plaintiff, a New York corporation, is the purveyor, at retail, in the City of New York, of two literary works known as "Dirty Little Comics" and "More Dirty Little Comics". It is represented to the Court that plaintiff's agents and employees are selling these two small paperback publications openly, in some quantity, and under claim of right. Defendants, the Police Commissioner and District Attorney, assert that the literature is obscene.

Prior to March 14, 1972, a Judge of the New York City Criminal Court, after a prior *ex parte* examination of the material, issued a search warrant for plaintiff's premises. This warrant permitted defendants to search for and obtain only six sample copies of the two aforementioned literary works.

It is charged that the search warrant was executed at about 10:30 in the morning on March 14, 1972. In addition to seizing six samples of each of the books, those executing the warrant apparently, for reasons which may only be surmised, by their activities attracted the presence of one Pressman, a T.V. news commentator, cameramen and lighting crews for at least two television networks, as well as reporters for several newspapers and magazines (transcript p. 10). Two individuals, Weingold and Straka, but not plaintiff itself, were charged with violation of § 235.05 of the New York Penal Law, McKinney's Consol. Laws, c. 40, in that they promoted the sale of, and possessed with such intention, obscene materials. Their cases have not yet been tried.

█ In the course of their somewhat disorderly execution of the search warrant, attended by media representatives in large numbers, defendants' agents, in addition to the articles mentioned in the warrant, took considerable other material. Admittedly, there was no authority for doing so. Such action is unjustified. However, on the return date of this motion, it was stipulated in open court before me that articles unlawfully seized (other than the 12 books) must be returned. The Court has directed performance of the stipulation. Those improper activities are not likely to be repeated by conscientious public officials and no basis appears for a preliminary injunction to be entered with respect thereto at this time.

The defendants now remain in possession of 12 sample paperback books, six of each work, and there remains pending in the New York City Criminal Court, criminal proceedings against two named individuals, not parties to the action before me, and there is the real threat of additional prosecutions for obscenity.

The complaint herein seeks permanent injunctive relief, pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. It is alleged that such seizures are overbroad and illegal and made in violation of plaintiff's federally protected constitutional rights to due process, free speech and press, and freedom from unreasonable search and seizure.

Plaintiff duly moved for a temporary restraining order requiring immediate return to the property seized, preventing further seizing of materials, the arrest of plaintiff's agents or employees, and preventing prosecution of the state court criminal complaint, unless defendants first obtain an adjudication by a court following an adversary hearing that the material to be seized is obscene. In short, plaintiff's notice of motion, dated May 9, 1972, asks, pending trial, for all of the relief ultimately expected to be obtained in the action.

This case has not yet been assigned to a Judge of this Court for all purposes, pursuant to the new calendar rules, and the motion is therefore before me solely as an emergency civil matter.

█ Under the circumstances of this case, no reasonable cause appears to issue a preliminary injunction pending trial which will prevent certain individuals, not parties to this action, but affiliated in business as employees or agents

of the plaintiff, from being prosecuted in the state courts.

All their constitutional rights, and First Amendment rights in the matter can be asserted in the state courts in the first instance. Interference by this Court in state judicial matters, even in the area of First Amendment rights, should be exercised sparingly. Plaintiff shows no irreparable damage by the fact that two of its employees have been held to answer on criminal charges, nor does plaintiff show any irreparable damage by arising out of the fact that 12 copies only of these two separate works have been taken under a search warrant. For a federal court to interfere with state criminal proceedings there must be great and immediate irreparable injury. Such a situation does not exist here. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); 28 U.S.C. § 2283.

The case of Mitchum v. Foster, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (decided June 19, 1972), is distinguishable. In the *Mitchum* case, state authorities had *closed down* a book store selling materials alleged to be obscene. This is factually a far cry from taking six samples only of the two paperback books, the precise number needed in order to satisfy the statutory presumptions under which the New York Penal statute is to be enforced in this case.

A state authority acting in pursuance of a warrant could obtain six books without causing great and irreparable harm. While the Court cannot condone the excesses committed in the execution of this particular search warrant, the remedy to be granted with respect thereto, if any, is a proper matter for consideration on the trial of the action, and not an appropriate matter for a preliminary injunction, unless repetition of such disorderly activity is actually threatened.

Under the circumstances of the warrant in this particular case, if it had been properly executed in accordance with its terms, as noted by Judge *Pollack* in Rage Books v. Leary, 301 F. Supp. 546, 551 "seizure of six specimens of each title or issue alleged to be obscene and present at any one time in plaintiff's store is a reasonable and proper seizure, reasonably needed for evidentiary purposes."

Cases of massive seizures, such as found in the *Mitchum* case, *supra,* and which interrupt the normal functioning of a business are distinguishable. There have been cases where thousands of books have been seized, or where the business was closed down. The restraint of First Amendment rights so effected is much greater than will follow upon the seizure of a mere 12 paperback books.

The motion picture cases, cited on the argument, including Bethview Amusement Corp. v. Cahn, 416 F.2d 410 (2d Cir. 1969) and Astro Cinema Corp. v. Mackell, 422 F.2d 293, 295 (2d Cir. 1970), are likewise distinguishable. Seizure of a single copy of a motion picture film infringes on the ability of the exhibitor to show that motion picture to a substantial number of customers. It is equivalent to multiplying the seizure by the number of seats available in the theatre on each day. It is also equivalent to seizing a substantial number of books so as to impair operation of a store.

Defendants correctly state that no irreparable or extraordinary injury, sufficient to invoke our summary jurisdiction pending trial, is presented. Accordingly, the application for a preliminary injunction pending trial is denied.

The foregoing constitutes the findings of fact and conclusions of law of this Court, pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

So ordered.