Francis J. Donovan, J.
The prosecution has moved this court for an adversary hearing preliminary to the issuance of a warrant for the seizure of a motion picture film. Such a preseizure hearing is required as a matter of constitutional right. (Bethview Amusement Corp. v. Cohn, 416 F. 2d 410.)
We must now determine how to adapt our procedures to comply with the new Federal mandate.
The District Attorney urges that this court should act pursuant to section 794 of the Code of Criminal Procedure. Section 794 contemplates an ex parte proceeding. The District Attorney contends that the District Court has inherent power to mould the law to fit the exigencies of the case by conducting the proceeding under section 794 of the Code of Criminal Procedure as an adversary, rather than ex parte proceeding.
The defendants contend that the appropriate procedure already exists in section 22-a of the Code of Criminal Procedure. The District Attorney replies: (1) that section 22-a does not apply to motion picture films and, (2) that section 22-a does not exclude a search warrant proceeding on an adversary basis in this court.
*255 In this developing field of law, it is important to consider why the Federal courts have established the new rule. The Federal decisions requiring adversary hearings rest on a finding that it is unjust to permit a prosecutor to seize a person’s property and inflict serious economic loss on that person, unless the person has first been given an opportunity to be heard before a competent court on the issue of obscenity and a court finding has been made after such adversary hearing.
There are also intimations of the injustice of first arresting persons and charging them with crime before the obscene nature of the film is determined (cf. Delta Book Distrs. v. Cronvich, 304 F. Supp 662). This is the more to be questioned where the determination involves the ‘ ‘ ascertainment of ‘ the dim and uncertain line ’ that often separates obscenity from constitutionally protected expression.” (Jacobellis v. Ohio, 378 U. S. 184, 187.)
It is also important to consider the public policy. The ultimate purpose of the obscenity statutes is to prevent the exhibition of obscene motion picture films. The means to secure that objective are twofold:
1. A proceeding which involves the arrest and conviction of individuals (Penal Law, art. 235).
2. A proceeding which involves the seizure and destruction of the obscene matter (Code Crim. Pro., § 22-a).
This court takes judicial notice from its own files in such matters that quite often the first procedure .results in the arrest of employees who have no real responsibility and, from the criminal point of view, no culpable- knowledge sufficient to support a conviction.
The most direct action is that which is directed at the material itself, namely the proceeding under 22-a of the Code of Criminal Procedure.
Before a lower court indulges in innovation such as requested by the District Attorney here, it should appear that such innovation is necessary. It should also appear that it will furnish an effective remedy to carry out the public policy of the State of New York consistent with the constitutional requirements established by the Federal courts.
It is interesting to note that the application of the District Attorney has an injunctive character, since the order to show cause, by which this application was brought on, contained a prohibition against the transfer or disposal of the film pending the adversary hearing.
*256 In obscenity proceedings heretofore brought in this court, ushers and ticket takers have been defendants. Such persons may have no interest in the film. Since the apparent intent of the Federal decisions is to give interested persons an opportunity to protect their property rights, the remedy which is provided should be broad enough to allow the joinder of such parties or to allow unnamed parties to intervene in the proceedings.
If such an innovation takes place, the prosecution becomes transformed into a combined declaratory judgment action and injunctive proceeding. The criminal proceeding then seems to recede, with the major trial effort being spent on the application for the warrant of seizure.
The conduct of a proceeding so essentially equitable should not be assumed too readily by an inferior criminal court which has no equity jurisdiction. This the more so, when we realize that the equitable remedy of an injunction is not ordinarily issued to prevent the commission of a criminal offense.
Before any such major effort in innovation is undertaken in the District Court, it would seem advisable to consider the application and efficacy of section 22-a of the Code of Criminal procedure. Section 22-a vests jurisdiction in the Supreme Court to enjoin the sale, or distribution of obscene articles which are defined, so far as pertinent, as follows: “ any picture, drawing, photograph, figure or image.” The section provides for a trial within one day after joinder of issue and a decision to be rendered by the court within two days after the conclusion of the trial. The action may be commenced by the District Attorney or other public officials. If the judgment is in favor of the District Attorney or other officer, the final order of judgment must direct the surrender of the obscene matter and the Sheriff will be ordered to seize and destroy the same.
There should be no question but that a motion picture film is embraced within the statutory definitions.
A motion picture film has been held to be a photograph (Words and Phrases, “photograph”; Edison v. Lubin, 122 F. 240 ; American Mutoscope & Biograph Co. v. Edison Mfg. Co., 137 F. 262, 266). A moving picture film has been held to be a picture (Binns v. Vitagraph Co., 210 N. Y. 51).
The District Attorney further urges that section 22-a is limited to publication, sale or distribution of obscene articles and cannot be invoked to enjoin the showing of a moving picture. Publication should include a showing. The intent of section 22-a that it be construed in conjunction with section 235.00 of the Penal Law, is expressly indicated in the words “ or in any other *257 respect defined in section 235.00 of the Penal Law. ’ ’ This clearly contemplates the legislative intent that 22-a be an adjunct to prosecutions under section 235.00 of the Penal Law.
Section 22-a is ideally designed to afford the adversary judicial proceeding required for a constitutionally acceptable proceeding.
Such a proceeding may of course be conducted at the same time as or prior to, a criminal proceeding directed against the persons responsible for the showing or the possession. The order in the Supreme Court under 22-a could direct the Sheriff to hold the obscene material for production in any pending criminal proceeding and to destroy it after determination of such proceeding.
There is much less innovation, or violence to orthodox procedure, in adjusting Supreme Court procedure to a criminal proceeding in the District Court, than there is in the District Court’s establishing a remedy so pervasive as that involved in an adversary proceeding under section 794 of the Code of Criminal Procedure.
It is therefore the opinion of this court: (1) that there is no statutory authority for'an adversary proceeding in the District Court in which interested parties may be joined for the purpose of determining the nature of the alleged obscene motion picture films; (2) that the creation of such a remedy by the District Court is not necessary since a suitable proceeding already exists in the Supreme Court, and (3) that the public policy of preventing the exhibition of obscene films by expeditious action is better advanced by a proceeding under 22-a in the Supreme Court, with its unlimited jurisdiction, than by innovative procedures of doubtful validity in this court of limited jurisdiction which may result in extended appellate litigation (Milonas v. Schwalb, 65 Misc 2d 1042).
Therefore the application for the adversary hearing is denied.