Joseph A. Suozzi, J.
Can the District Court of Nassau County, or any criminal court of comparable and limited jurisdiction, conduct an “ adversary hearing ” required by the United States Supreme Court (A Quantity of Books v. Kansas, 378 U. S. 205 [1964]), before obscene materials may be seized? This is the issue presented by this article 78 proceeding in the nature of prohibition by which the petitioner seeks an injunction against the holding of such an ‘ ‘ adversary hearing ’ ’ by the District Court of Nassau County.
The proceeding arises from the following events: On January 22, 1971, while petitioner was the operator of the Bethview Theatre in Old Bethpage, it and its theatre manager were charged in a criminal information with violating the obscenity statute (Penal Law, § 235.05). The basis of the charges was the showing of two allegedly obscene motion pictures, “ The Three Sexateers ’ ’ and 11 Delilah ’ ’ and two allegedly obscene advertising trailers, “ Animal Love ” and “ Yellow Bird ”.
*718 Pursuant to an order to show cause, a hearing was held at Criminal Term, Part I, of the District Court on February 1, 1971, on the issues as to whether an “ adversary hearing” should be conducted to determine whether the films and trailers are obscene, and whether a warrant should be issued for their seizure. The court (Rosenthal, J.) ordered that such a hearing be held on February 24,1971, and it was thereafter adjourned to March 15, 1971.
In the interim the instant article 78 proceeding, in the nature of prohibition, was commenced, the basis of which is petitioner’s contention that the District Court lacks, jurisdiction to conduct an adversary hearing.
The ‘ ‘ adversary hearing ” is a relatively new concept in our jurisprudence, arising out of the United States Supreme Court’s growing concern within the last decade for protection of the rights afforded under the First Amendment of the United States Constitution. A rather detailed discussion of this device is contained in 46 N. Y. Univ. L. Rev. (March 1971, pp. 80-119).
In A Quantity of Books v. Kansas (supra, p. 213) Mr. Justice Brennan, writing for himself and three other members of the court, joined with three other Justices in reversing the Supreme Court of Kansas, which had upheld the seizure, after an ex parte hearing, of a stock of allegedly obscene paperback novels. He* held the ex parte hearing to be inadequate, saying: ‘1 For if seizure of books precedes an adversary determination of their obscenity, there is danger of abridgement of the right of the public in a free society to unobstructed circulation of nonobscene books.”
In Bethview Amusement Corp. v. Cahn (416 F. 2d 410 [1969]), a case involving the petitioner herein, the United States Court of Appeals for the Second Circuit held that the adversary hearing requirement prescribed in A Quantity of Books was applicable to the seizure of motion picture films as well as books, theorizing that, by reason of the size of its prospective audience, the seizure of a film would be analogous to a mass seizure of books as was involved in the Kansas case. See, also, Metzger v. Pearcy (393 F. 2d 202 [7th Cir., 1968]) and Tyrone, Inc. v. Wilkinson (410 F. 2d 639 [4th Cir., 1969]), both of which held adversary hearings to be prerequisites to the seizure of motion picture films.
Unfortunately, there do not appear to be any decisions at the appellate level in this State on the question involved in this proceeding. The lower courts, however, have produced divergent opinions.
*719 In People v. O’Brien, decided by Judge Donovan of the Nassau County District Court on April 7, 1971 (66 Misc 2d 254) the court chose not to engage in ‘ ‘ innovation ’ ’ by conducting an adversary hearing under section 794 of the Code of Criminal Procedure, which deals with examination prior to the issuance of a search warrant. Judge Donovan held (p. 257) “that the creation of such a remedy by the District Court is not necessary since a suitable proceeding already exists in the Supreme Court ”, and “ that the public policy of preventing the exhibition of obscene films by expeditious action is better advanced by a proceeding under 22-a in the Supreme Court, with its unlimited jurisdiction, than by innovative procedures of doubtful validity in this court of limited jurisdiction which may result in extended appellate litigation ”, citing Milonas v. Schwalb (65 Misc 2d 1042).
In the Milonas case (supra, p. 1052), the Supreme Court, New York County (Greenfield, J.), in a lengthy opinion, prohibited a Judge of the New York City Criminal Court from proceeding with an adversary hearing, holding a proceeding under section 22-a of the Code of Criminal Procedure to be “ eminently more desirable ”. Justice Greenfield concluded (p. 1050) that “ a proceeding under section 791 et seq. of the Code of Criminal Procedure for the seizure of allegedly obscene films transgresses the safeguards laid down by the United States Supreme Court pursuant to the Constitution of the United States and cannot be permitted.” That case is distinguishable from the instant one, however, since there the subjects of the criminal charges were all employees of a theatre ‘ ‘ without authority to determine the type of motion picture to be exhibited in the theatre. ’ ’ Here the real party in interest the theatre operator, is involved.
On the other hand, the United States District Court (E. D. N. Y., Travia, J.) in Overstock Book Co. v. Barry (305 F. Supp. 842, 852) in upholding the constitutionality of section 791 et seq. of the Code of Criminal Procedure stated: “ § 794. This does not seem to prevent the holding of an adversary hearing, perhaps under § 794, before the warrant is issued to determine that the materials were obscene and therefore subject to seizure under a warrant. Thus, the statutory provisions do not seem to be contrary to any possible constitutional requirement of a prior adversary hearing.” Since the ordinary forum for the use of section 791 et seq. is one of the criminal courts, it would appear that judge Travia considered such courts to possess the necessary jurisdiction to conduct adversary hearings.
In People v. Shiffrin (64 Misc 2d 311) the Criminal Court of the City of New York, New York County (Rosenberg, J.) issued *720 a warrant for the seizure of a film which he had viewed and with respect to which he had conducted an adversary hearing. Judge Rosenberg based his authority upon his designation as a Magistrate under section 30 of the New York City Criminal Court Act, a designation also given to Nassau County District Court Judges under section 2004 of the Uniform District Court Act and under section 147 of the Code of Criminal Procedure.
Section 22-a of the Code of Criminal Procedure, the section cited by Justice Greenfield and Judge Donovan as the authority for the conduct of adversary hearings in the Supreme Court, does not specifically refer to motion picture films but does encompass obscene pictures, photographs and images. Whether or not a motion picture film comes within its contemplation need not be discussed. Assuming arguendo that motion picture films are covered by the section, the remedy, although set forth in a criminal procedure statute, appears to be civil in nature. The United States Court of Appeals for the Second Circuit recognized this in Astro Cinema Corp. v. Mackell (422 F. 2d 293, 298 [1970]) where it stated: “ While a district court has held that the New York statute does not forbid an adversary hearing, Rage Books, Inc. v. Leary, 301 F. Supp. 546 (S. D. N. Y., 1969), and New York does have a civil injunction proceeding that would permit an adversary hearing, N. Y. Code Crim. Proc. § 22-a (McKinney Supp. 1969), § 791 et seq. does represent the routine method for obtaining evidence with which to commence a criminal prosecution. ’ ’ The civil nature of the remedy is also seen from the fact that instead of being carried over into the new Criminal Procedure Law, effective September 1, 1971, the remedy will be authorized by the CPLR. (See Larkin v. Putnam’s Sons, 40 Misc 2d 28, revd. 20 A D 2d 702, revd. on other grounds 14 N Y 2d 399).
It appears to this court that if the District Court or any court of comparable criminal jurisdiction is to fulfill its function, it must be afforded the means to do so. Clearly, it has the power to issue search warrants upon a showing of probable cause and, were it not for the United States Supreme Court’s concern for the protection of First Amendment rights, the ordinary Fourth Amendment safeguards would apply to the seizure of obscene material in the same manner as to the seizure of other types of contraband.
There has been no showing that adequate protection of the petitioner’s constitutional rights would not be afforded in an adversary hearing in the District Court and, in the absence of such a showing, the requirement that such hearings be conducted in the Supreme Court would serve no purpose other than the emasculation of the District Court’s authoritv and the delav of *721 justice. An adversary hearing, since it is a requirement, must be considered an integral part of the criminal prosecution to which it relates, and in this court’s view the District Court’s inherent powers are sufficiently broad to authorize its holding of an adversary hearing under section 794 of the Code of Criminal Procedure.
Furthermore, to preclude the District Court of Nassau County or any comparable criminal court from holding an adversary hearing pursuant to section 794, and to insist that such a hearing be held in accordance with section 22-a, is to misunderstand and misconstrue the purpose and nature of the adversary hearing contemplated by the United States Supreme Court requirements. The purpose of the adversary hearing is only to determine whether there exists a prima facie case that the material is obscene. It is not the purpose of such a hearing to reach a final adjudication of the question on the merits, as is contemplated by an injunction proceeding brought pursuant to section 22-a of the Code of Criminal Procedure.
Accordingly, the within petition for an order to prohibit the Judges of the District Court of Nassau County from proceeding with an adversary hearing to determine whether the films entitled ‘ ‘ The Three Sexateers ’ ’ and ‘ ‘ Delilah ’ ’ and the advertising trailers “ Animal Love ” and “ Yellow Bird ” are obscene is hereby denied and the petition dismissed.