**LIDO EAST THEATRE CORP., Plaintiff,**

v.

**Patrick MURPHY, Individually and as Police Commissioner of the City of New York, et al., Defendants.**

No. 72 Civ. 25.

United States District Court,
S. D. New York.

Feb. 15, 1972.

Kassner & Detsky, New York City, for plaintiff; Herbert S. Kassner, New York City, of counsel.

J. Lee Rankin, Corp. Counsel, New York City, for defendant Murphy; Michael M. Klein, Asst. Corp. Counsel, of counsel.

Frank S. Hogan, Dist. Atty., New York County, New York City, defendant pro se; Hugh Anthony Levine, Asst. Dist. Atty., of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, Atty. pro se and for defendant Judges of the Criminal Court; Charles A. La Torella, Jr., Asst. Atty. Gen., of counsel.

EDWARD WEINFELD, District Judge.

Plaintiff, an exhibitor of motion picture films, which it describes as "sexually oriented adult films," and which are presumptively protected under the First Amendment of the United States Constitution, commenced this action pursuant to 42 U.S.C., section 1983, for a declaratory judgment that Articles 120, 140 and 690 of the Criminal Procedure Law of New York, relating to arrests and seizures with or without warrants upon a showing of probable cause, are unconstitutional facially and as applied in that they authorize repressive prior restraints through seizure of films and publications without a prior adversary hearing on the issue of obscenity. Plaintiff seeks a permanent injunction enjoining the defendants, the Attorney General of New York State, the District Attorney of New York County, and the Police Commissioner of New York City, and their respective agents, from seizing any motion picture film "unless and until there has been a judicial determination of obscenity vel non thereof and pursuant to an adversary hearing." Also named as defendants are "All of the Judges of the Criminal Court of the City of New York," who are sought to be enjoined from issuing or executing warrants for the seizure of any film without such a hearing. Plaintiff requests the convening of a three-judge court pursuant to 28 U.S.C., sections 2281 and 2284, with jurisdiction grounded on 28 U.S.C., section 1343, and moves, pending the final determination of this action by the three-judge court, for a preliminary injunction against the enforcement of the statutes referred to above unless such adversary hearings are granted.

Plaintiff currently is exhibiting at its motion picture theatre a film which has not been seized, nor is there a threat of its seizure or a prosecution. However, a print of the same film has been seized previously at a theatre operated and owned by a different exhibitor; its seizure and the simultaneous arrest of an employee of that exhibitor was made pursuant to search and arrest warrants issued by a judge of the New York City Criminal Court, who viewed the picture and found it obscene without a prior hearing on the issue of obscenity. The police and prosecution authorities, in applying the foregoing procedure in that instance and others referred to hereafter, relied upon Articles 120, 140 and 690 of New York's criminal procedure law and the recent ruling of the New York State Court of Appeals in People v. Heller,[1] which is at odds with rulings by our own Court of Appeals[2] on the

---

1. 29 N.Y.2d 319, 327 N.Y.S.2d 628, 277 N.E.2d 651 (1971).

2. Astro Cinema Corp. v. Mackell, 422 F.2d 293 (2d Cir. 1970); Bethview Amusement Corp. v. Cahn, 416 F.2d 410 (2d Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 929, 25 L.Ed.2d 101 (1970).

adequacy of constitutional requirements with respect to the seizure process of alleged obscene matter. The New York Court of Appeals, in People v. Heller, rejected the contention of the defendant exhibitor that before "warrants issued for the seizure of the film and for his arrest, he was entitled to an adversary hearing before the Judge who issued them on the question of the film's obscenity." [3] The New York court held that the procedure there employed—a judge viewing the film, finding probable cause that it was obscene and authorizing warrants for its seizure and the arrest of the exhibitor—satisfied federal constitutional standards for the protection of First Amendment rights, even though no prior adversary hearing had been held. In so holding, the court observed that the decisions of our Court of Appeals in Astro Cinema Corp. v. Mackell [4] and Bethview Amusement Corp. v. Cahn,[5] that protection of First Amendment rights imposed upon the states under the Fourteenth Amendment mandates adversary proceedings prior to seizure of motion pictures or publications, went beyond any requirement imposed upon the states by the Supreme Court as enunciated in Marcus v. Search Warrant,[6] and as analyzed in the several opinions in A Quantity of Copies of Books v. Kansas.[7]

A consequence of the New York Court of Appeals' holding in People v. Heller has been a spurt of activity by local law enforcement officers, defendants herein, who, in understandable reliance upon that ruling, have made seizures and arrests under Articles 120, 140 and 690 without prior adversary hearings. In addition to the seizure at another theatre of the film which plaintiff is now exhibiting, there have been other actions by the defendants, including massive seizures of alleged pornographic material from different distributors, accompanied in some instances by the seizure of business records and books claimed to be required as evidence in support of the charge of obscenity. In each of those instances no prior adversary hearing was held. In consequence, various actions were commenced in this court based upon our Court of Appeals' holding in Astro Cinema Corp. v. Mackell and Bethview Amusement Corp. v. Cahn. In each instance, this court ordered the return of the seized material.[8] Twice the state unsuccessfully sought stays by our Court of Appeals of the orders directing the return of the seized properties, and in one instance Mr. Justice Blackmun denied the state's application to stay the mandate of the Court of Appeals. Attorneys representing the defendants in these various matters, including the instant suit, have indicated that the state's procedure of seizure without prior adversary hearing will continue to be invoked under the authority of People v. Heller. Thus, the plaintiffs and others engaged in this business are caught between Scylla and Charybdis, of risking sudden seizure and arrest on the one hand, or abandoning their type of business on the other, occasioned by the conflicting rulings of the New York State Court of Appeals and our own Court of Appeals.

While the plaintiff's film, allegedly obscene, was not seized, it continues to present motion pictures described as "sexually oriented adult films," which are changed from time to time. In the light of the continuing policy of the defendants in seizing such films without

3. 29 N.Y.2d at 321–22, 327 N.Y.S.2d at 630, 277 N.E.2d at 652.

4. 422 F.2d 293 (2d Cir. 1970).

5. 416 F.2d 410 (2d Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 929, 25 L.Ed.2d 101 (1970).

6. 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127 (1961).

7. 378 U.S. 205, 84 S.Ct. 1723, 12 L.Ed. 2d 809 (1964).

8. Star Distributors, Ltd. v. Hogan, 337 F.Supp. 1362 (S.D.N.Y.1972); G. I. Distributors, Inc. v. Murphy, 336 F.Supp. 1036 (S.D.N.Y.1972); Mod Amusement Co. v. Murphy, 335 F.Supp. 1267 (S.D.N.Y.1972).

prior adversary hearings and their claim that this application of the statutes here attacked does not violate First Amendment rights, plaintiff contends it faces seizure of its films, interference with its business and arrests of its officers and employees. An officer of the plaintiff alleges that as a result of the recent arrests and seizures based on this policy and the prospect of its continued application, "a pall and chill has been cast upon Plaintiff and all theatre exhibitors who now fear to exhibit sexually oriented adult films. . . ." It is urged that the prospect of seizure and closing of theatres constitutes unconstitutional prior restraint and will lead to the suppression of the non-obscene as well as the obscene.

■ A preliminary issue exists as to whether plaintiff has the requisite standing and thus presents a justiciable case or controversy within Article 3, Section 2, of the Constitution—whether, as it was recently stated, plaintiff has "alleged a sufficient personal stake in the outcome to assure that the court will be called upon to resolve real issues between genuine adversaries rather than merely to give advisory opinions with respect to abstract or theoretical questions." [9] While the defendants stipulated they would not seize the particular film exhibited by plaintiff at the time of the bringing of this action until our Court of Appeals has determined the validity of the procedure under attack in other cases now pending, the defendants have indicated they feel free to follow that procedure with respect to other films that may be shown. The threat of seizure and arrest without a prior adversary hearing and the ensuing economic injury is actual and substantial.

Plaintiff thus presents a claim, in the outcome of which it has a vital financial interest, which gives assurance that the issues will be litigated by genuine adversaries.[10]

■ We next consider the narrow question presented on jurisdiction— "whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge court statute." [11] The irreconcilable conflict between the rulings in People v. Heller and the *Bethview* and *Astro Cinema* cases on the constitutional issue of adequate safeguards with respect to the seizure of the alleged obscene material, whether publications or movies, attests sufficiently to the substantiality of the issue presented so that no extended discussion need be directed to that point.

■ The State, in resisting the call for a three-judge court, contends that in reality the plaintiff is not attacking the constitutionality of state statutes, but rather the ruling of its Court of Appeals in People v. Heller,[12] which it terms "a judicial decision of constitutional dimension." The reality is otherwise; the fact is that the State's claim rests upon its arrest, search and seizure statutes (Articles 120, 140 and 690 of the New York Criminal Procedure Law) which, as applied by the defendants, permits seizure of alleged obscene materials without a prior adversary hearing and which the State's highest court has upheld as adequate for the protection of First Amendment rights. It is beyond question that the defendants here act in reliance upon the statutory authority.

9. Abele v. Markle, 452 F.2d 1121 (2d Cir., 1971).

10. *See* Barlow v. Collins, 397 U.S. 159, 172, 90 S.Ct. 832, 25 L.Ed.2d 192 (1970); Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 154, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970); FCC v. Sanders Bros. Radio Station, 309 U.S. 470, 477, 60 S.Ct. 693,

84 L.Ed. 869 (1940); National Automatic Laundry & Cleaning Council v. Shultz, 443 F.2d 689, 693 (D.C.Cir.1971).

11. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962).

12. 29 N.Y.2d 319, 327 N.Y.S.2d 628, 277 N.E.2d 651 (1971).

The subtle claim that the statute itself is not under attack and therefore a three-judge court should not be convened was considered by our Court of Appeals in *Astro Cinema*. The court there observed:[13]

"It is important to note precisely what statute is in issue on the request for the injunction against the statute as applied. . . . [I]t is . . . the search warrant statute, N.Y.Code Crim.Proc. §§ 791–813 . . . [present N.Y.CrimProc. L., Art. 690], which applies to all search warrants issued for any purpose whatever, that is in issue."

Any doubt that it is the application of the statute that is at issue was laid to rest by Overstock Book Co. v. Barry,[14] where the court characterized *Astro Cinema* as "suggest[ing] that the question of constitutionality of § 791 'as applied' to seizure of a print of a motion picture from an exhibitor was of sufficient substantiality to require convening of a three-judge court."

 The defendants further urge that Younger v. Harris[15] and other cases[16] recently decided by the Supreme Court foreclose equitable relief and therefore the case does not satisfy the other jurisdictional requirement essential for the convening of a three-judge court. Plaintiff does not seek to enjoin any pending or prospective state prosecution for alleged obscenity. What it does seek is a declaratory judgment that the First Amendment requires that before search or arrest warrants be issued upon a showing of probable cause of obscenity under the New York statutes, an adversary hearing be held, and that state officials be required to follow that procedure to accord plaintiff its constitutional rights under the First and Fourteenth Amendments. In any event, our Court of Appeals has held that "[t]he question whether to abstain under the doctrine enunciated in *Younger* and *Samuels*, going as it does to the merits and calling for use of discretion as to whether equitable jurisdiction should be exercised, is one for the three-judge court rather than the single district judge."[17]

The motion for the convening of a three-judge court is granted. Absent a showing of immediate irreparable injury, the motion for preliminary injunctive relief pending the hearing before the statutory court is denied, but without prejudice to its renewal. The claim of lack of standing, as well as the substantive issues are for final determination by the three-judge court.

The matter is referred to the Chief Judge of this Circuit for the designation of the other two judges.

13. 422 F.2d at 297–98.

14. 436 F.2d 1289, 1295 (2d Cir. 1970).

15. 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

16. Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971); Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

17. Abele v. Markle, 452 F.2d 1121 (2d Cir., 1971).