ShirleyB. Leyittak, J.
The defendant arrested and charged Yvith violation of section 235.05 of the Penal Law in that, allegedly knowing its contents and character, he promoted obscene material and possessed it with intent to promote it, moves to suppress evidence consisting of an allegedly pornographic magazine which was seized by a police officer in a bookstore open to the public. The motion is grounded upon the alleged absence of probable cause, and uncontroverted absence of a search warrant issued pursuant to CPL 690.05, 690.10, 690.35 (subd. 2, par. [b]) and subdivision 2 of CPL 690.40 designating or describing this particular defendant and the particular place to be searched* and the particular property to be seized, resulting, it is argued, in an unlawful arrest and seizure in violation of the Fourth. Amendment to the United States Constitution.
The People, while not claiming to have obtained such a warrant directed against this particular defendant or place searched, or the specific magazine seized, and conceding that the search was premeditated, nonetheless allege in the complaint that a magazine bearing the same title has already been found obscene by another Judge of this court. The allegation is based upon averrals, not appearing in the complaint itself but elicited by oral testimony of the arresting officer and documentary evidence produced upon a hearing of the motion to suppress,' that in an unrelated case, involving a different person and premises, an application for a search warrant was granted upon prior scrutiny by that Judge of the similarly titled magazine and upon an ex parte finding of obscenity. The People defend the motion to suppress upon the contention that, having already previously obtained an ex parte preliminary determination from a Judge of this court with respect to any person or premises, they need not again seek such a determination or even a warrant in order to make an arrest or search of any other person, or search of any other premises, in connection with seizure of another magazine similarly titled, but may justify the arrest and seizure in a subsequent case by reliance upon the warrant issued in the preceding unrelated case. It is the practice of the police to add the publication to a list of material which is considered to be “ predeemed ” obscene by virtue of such prior warrants. The arresting officer testified that he entered the bookstore here to explore and search for any publication on the list, without advance knowledge whether any such publication was there, but upon finding such a publication, he made the arrest and seizure.
The People do not argue that the warrant obtained in the unrelated case is itself an authorization to search the specific *625 person or premises involved in the prosecution at bar, nor could they so argue since CPL 690.05, 690.10, 690.35 (subd. 2, par. [b]) and subdivision 2 of OPL 690.40 limit the application of a warrant uniquely to the place or person therein designated and described. Rather the People’s argument is that a warrant for the arrest and seizure in this prosecution would be redundant because it follows from the prior unrelated ex parte judicial scrutiny and finding of obscenity that the publication is susceptible of issuance of a warrant. The prosecutor’s rationale is that the only need for issuance of a warrant is that it serve as a vehicle by which to arrive at an ex parte adjudication of obscenity, and that once that destination has been attained, neither the vehicle by which it was reached, nor a repetitious arrival at the same destination, is again required. The foundation of this rationale appears to be a view that the Fourth Amendment’s prohibition against unreasonable seizure would not alone be applicable to obscene publications, were it not needed to supplement the-First Amendment’s guarantee of free communication; and that once the latter guarantee-has been duly mooted by an ex parte judicial determination that a publication is obscene and consequently not entitled to the protection of the First Amendment, no further protection against seizure need be warranted.
But this court does not agree that in obscenity prosecutions the sole purpose of the Fourth Amendment warrant is vehicular. So pejorative a demotion in its function is contrary to the constitutional origins and history of the safeguard, as well as to the statutory requirements of a warrant which on its face is mandatory. As a constitutional device, the Fourth Amendment’s guarantee against unreasonable seizure, secured by the requirement of prior judicial sanction in the form of a warrant, stands independently of any other constitutional guarantee which it may also collaterally assist. It may serve as a means to other indispensable ends, but it is equally and contemporaneously an end in itself (Johnson v. United States, 333 U. S. 10, 13, 14; Coolidge v. New Hampshire, 403 U. S. 443, 468; A Quantity of Books v. Kansas, 378 U. S. 205, 211, 212; People v. Avasino, 71 Misc 2d 889). In People v. Avasino (supra), the court (Rothwax, J.) suppressed evidence consisting of obscene publications seized with neither warrants nor prior judicial scrutiny. In the instant prosecution the People contend that prior judicial scrutiny is alone sufficient, without a warrant specific to this prosecution as long as the prior scrutiny was facilitated by an unrelated warrant. But issuance of a warrant is not merely auxiliary to an ex parte scru *626 tiny and finding of obscenity. Bather, the purpose of the prerequisite judicial scrutiny is to generate the warrant. The scrutiny is necessary to justify the warrant which is necessary to authorize the seizure. The scrutiny and ex parte finding are not a substitute for the warrant itself nor an excuse from obtaining it for each separate seizure.
Apart from the constitutional and statutory indispensability of a warrant for each seizure in this area sought by police authorities, the practice of using a warrant issued by a Judge for a specific seizure as an imprimatur for other seizures not presented to that Judge for his approval, is not to be sanctioned. Separate application for each seizure sought by the police is not burdensome to the court, nor, if it were, would it for that reason be indispensable. Bather it is the court’s business. The essénce of due process is the legal imperative, based on a moral one that good ends must be secured only by good means — otherwise, the means contaminate the ends. The thesis that the end justifies any means is rejected by all right thinking people. Though disguised as the friend of freedom, or security or piety, it is hostile to them all.
It is this court’s opinion that the arrest and seizure in the prosecution at bar were constitutionally and statutorily untenable. The motion to suppress is granted.