**UNITED ARTISTS CORPORATION,**
**Plaintiff,**

**v.**

**Arnold PROSKIN, Individually and as District Attorney for the County of Albany, State of New York, Defendant.**

**No. 73-CV-315.**

United States District Court,
N. D. New York.

July 31, 1973.

DeGraff, Foy, Conway & Holt-Harris, John C. Rice, Albany, N. Y., and Phillips, Nizer, Benjamin, Krim & Ballon, New York City, Louis Nizer, Gerald F. Phillips, Gerald Meyer, William M. Pinzler, New York City, of counsel, for plaintiff.

Louis J. Lefkowitz, Atty. Gen., by Joseph T. Hopkins and Douglas S. Dales, Jr., Asst. Attys. Gen., of counsel, for defendant.

Before FEINBERG, Circuit Judge, FOLEY, Chief Judge, and PORT, District Judge.

PER CURIAM:

United Artists Corporation, a national film distributor, has brought this action for declaratory and injunctive relief to permit a local exhibitor in Albany, New York,[1] to show the motion picture "Last Tango In Paris" without threat of prosecution by the Albany County District Attorney, defendant Proskin, under the New York obscenity statute, N.Y. Penal Law, McKinney's Consol.Laws, c. 40, §§ 235.00–235.15. Jurisdiction is based upon 42 U.S.C. § 1983 (and its jurisdictional counterpart, 28 U.S.C. § 1343(3)), and upon 28 U.S.C. § 1331, since more than $10,000 is allegedly involved. Declaratory relief is sought under 28 U.S. C. § 2201. Specifically, plaintiff seeks a declaration that the statute is void on its face and as applied, preliminary and permanent injunctions against enforcement or threat of enforcement of the statute, and a declaration that "Last Tango In Paris" is not obscene under any constitutionally permissible standard. Following a hearing in the United States District Court for the Northern District of New York, Chief Judge James T. Foley issued a temporary restraining order and requested, and obtained, the convening of a three-judge court to consider plaintiff's claims.

The facts giving rise to this controversy may be briefly stated. On June 21 of this year, the Supreme Court

---

1. Hellman Enterprises, Inc., doing business as Towne Theatre.

handed down a decision that significantly modified existing constitutional standards for determination of obscenity. Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). In light of that decision, defendant Proskin announced his intention to apply these new standards to the movie theaters in his jurisdiction and allegedly stated that he would subpoena before a grand jury all motion pictures given an X rating (by the Code and Rating Administration of the Motion Picture Association of America). On July 6, a subpoena was served on the Towne Theater, requiring production for the grand jury of "Last Tango In Paris," then being exhibited by the theater. As a result of a phone conversation between the theater owner —Mr. Neil Hellman—and the District Attorney, the film was withdrawn from exhibition on July 9, the day before it was to be submitted to the grand jury. As a consequence, the subpoena was withdrawn.

In view of the apparent unwillingness of the exhibitor to risk prosecution by showing the film, United Artists commenced this action to eliminate that threat. Before us now is its request for a preliminary injunction and defendant's motion to dismiss the complaint.

■■ Plaintiff's principal argument is that in light of the Supreme Court decision in Miller v. California, supra, and particularly the admonition that "no one will be subject to prosecution for the sale or exposure of obscene materials unless these materials depict or describe patently offensive 'hard core' sexual conduct *specifically defined* by the regulating state law, as written or construed," id. 93 S.Ct. at 2616 (emphasis added), the New York statute does not contain sufficiently specific standards of what is obscene.[2] This claim of unconstitutionality is not insubstantial, but consideration of the merits of the question would be inappropriate in the present circumstances.[3] Following its decision in *Miller,* the Supreme Court remanded to the respective state courts a number of obscenity cases on its docket for reconsideration in light of the standards announced in *Miller.* Among the cases so remanded was Heller v. New York, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745 (1973). Thus, the New York Court of Appeals must, in the near future, construe the provisions under challenge in this case and may thereby resolve the constitutional problems asserted here.[4] As the Supreme Court noted in *Miller,* the statute can meet the specificity requirement "as written *or construed."*

2. Plaintiff also alleges that the statute is unconstitutional because it creates "a constitutionally impermissible presumption that persons who exhibit or distribute allegedly obscene motion pictures have *scienter* . . . ." Complaint for Declaratory and Injunctive Relief at 7. However, this contention was squarely rejected by the court of appeals in Overstock Book Co. v. Barry, 436 F.2d 1289, 1293–1294 (2d Cir. 1970).

3. We reject defendant's suggestions that because there is no pending criminal prosecution of plaintiff, the required case or controversy is absent and that plaintiff lacks standing. The prior issuance of a subpoena and the announced policy of the District Attorney to subpoena all X-rated films, including "Last Tango In Paris" should it be exhibited, combined with plaintiff's financial interest, is sufficient to establish justiciability. See, e. g., Thoms v. Heffernan, 473 F. 2d 478, 483–485 (2d Cir. 1973), pet. for

cert. filed, 41 U.S.L.W. 3555 (U.S. April 9, 1973) (No. 1359) ; Hull v. Petrillo, 439 F. 2d 1184, 1186 & n. 1 (2d Cir. 1971) ; Anderson v. Vaughn, 327 F.Supp. 101, 102–103 (D.Conn.1971) (3-judge court) ; cf. Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 64–65 n. 6, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963) (standing of book publishers). See generally Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 509, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972) ; Note, Implications of the *Younger* Cases for the Availability of Federal Equitable Relief When No State Prosecution is Pending, 72 Colum.L.Rev. 874, 895–97 (1972). Of course, justiciability does not automatically entitle plaintiff to any of the relief it seeks.

4. The issue is also apparently being raised in the New York courts by P.A.J. Theatres Corp. v. New York, 413 U.S. 912, 93 S.Ct. 3045, 37 L.Ed.2d 1029 (1973) (vacating judgment of New York State Supreme Court, Appellate Term).

93 S.Ct. 2607 (emphasis added). Therefore, we conclude that the proper course with regard to the allegations that the statute is unconstitutional for lack of specific standards is to postpone a decision on this issue pending a resolution of the *Heller* case by the New York Court of Appeals.[5] Cf. Lake Carriers' Ass'n v. MacMullan, supra note 3, 406 U.S. at 510, 512, 92 S.Ct. 1749, 32 L.Ed. 2d 257.

Plaintiff's other arguments are addressed principally to the actions of defendant Proskin. Specifically, United Artists asserts that he is improperly using a local rather than a statewide standard of prurient interest and offensiveness, that his expressed policy of subpoenaing all X-rated films for grand jury consideration "constitutes an unlawful delegation of legislative authority to a private non-governmental body," and that he has used the statutory provision to suppress a film that is not obscene under any constitutionally permissible standard. With regard to the first of these allegations, we understand it in effect to be that the District Attorney is applying too strict a standard in deciding which films to subpoena. Resolution of the question must necessarily depend upon determination of what standard the state statute requires, and guidance on this matter may be forthcoming from the anticipated decision in *Heller*.[6] As for the latter two allegations, although we agree that the question whether three federal judges or one are required to decide these issues is a murky area, see Astro Cinema Corp. v. Mackell, 422 F.2d 293, 297 (2d Cir. 1970), we view such assertions as essentially charging that defendant is acting unconstitutionally or in bad faith,[7] not that the statute itself is invalid, either as written or as reasonably applied. See Currie, The Three Judge District Court in Constitutional Litigation, 32 U.Chi.L.Rev. 1, 37–50 (1964).[8] Therefore, these latter two claims do not require decision by a three-judge court, see, e. g., Phillips v. United States, 312 U.S. 246, 252–253, 61 S.Ct. 480, 85 L.Ed. 800 (1941); C. Wright, Law of Federal Courts § 50, at 190 (1970), and we remand them to the single district judge for his consideration.[9]

Accordingly, plaintiff's motion to the three-judge court for preliminary injunctive relief is denied pending resolution by the state courts of the questions

5. The reason for postponing consideration of the merits is that the state court may so construe the statute as to satisfy us that the provisions are constitutional. We do not rely upon the state court to determine the constitutional issues before us. Cf. Reid v. Board of Education, 453 F.2d 238, 244 (2d Cir. 1971).

6. It may be that plaintiff's argument is based on the District Attorney's written summary of the changes wrought by the Supreme Court's obscenity decisions of the past term. In that summary, distributed to Albany County movie exhibitors during a meeting with defendant Proskin, the District Attorney states that the community standard of prurient interest "need not be a national but a local one." We doubt that this language was intended to distinguish between state and county standards or that it was chosen to convey subtle legal nuances of the District Attorney's policy. In any event, unless the state standard is less strict than what plaintiff fears is a local, Albany County standard, plaintiff is in no way prejudiced by what it asserts to be defendant's incorrect interpretation of the Supreme Court's holding in *Miller*. Since further enlightenment as to the state standard may be forthcoming in *Heller*, it is appropriate to await the decision in that case.

7. E. g., as though he were trying to suppress the moving picture "Charlotte's Web" because the animals are unclothed.

8. All doubt as to the propriety of one-judge resolution of these issues would disappear, of course, if plaintiff withdrew its request for injunctive relief on the theory that a declaratory judgment, if granted, should afford plaintiff sufficient protection. Cf. Nieves v. Oswald, 477 F.2d 1109 (2d Cir., 1973).

9. We note that the single judge is not required to delay consideration of the issues remanded to him until determination of the questions on which the three-judge court abstained. Should the district judge determine any of the issues before him favorably to the plaintiff, such a decision could well moot the controversies pending before the three-judge court.

410

regarding the proper construction of the state obscenity statute. See Reid v. Board of Education, supra note 5, 453 F.2d at 244. Defendant's motion to dismiss is also denied, in its entirety. The temporary restraining order earlier issued is dissolved without prejudice to renewal of a motion for such relief to the single judge alone based on the claims remanded to him.

So ordered.