**227 BOOK CENTER, INC., et al., Plaintiffs,**

**v.**

**Michael J. CODD, Individually, and as Police Commissioner of the City of New York, et al., Defendants.**

**No. 74 Civ. 1534–LFM.**

United States District Court, S. D. New York.

June 13, 1974.

Ralph J. Schwarz, Jr. and James A. Benard, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., of New York, defendant pro se; Michael Colodner, Asst. Atty. Gen., of counsel.

Adrian Burke, Corp. Counsel, New York City, for defendants Codd and De-lise; Renee Modry, Asst. Corp. Counsel, New York City, of counsel.

Richard H. Kuh, Dist. Atty., New York County, defendant pro se; Allen G. Swan, Asst. Dist. Atty., of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiffs, in this civil rights action brought under 42 U.S.C. § 1983, seek the convening of a three-judge court, 28 U.S.C. §§ 2281, 2284, and a temporary restraining order enjoining defendants from enforcing New York Penal Law § 235.00, McKinney's Consol.Laws, c. 40 and New York Criminal Procedure Law §§ 140.10 and 690.05 et seq. (McKinney's Consol.Laws, c. 11–A 1971), 28 U.S.C. § 2284(3). Defendants Richard

H. Kuh, District Attorney of New York County, and Louis J. Lefkowitz, Attorney General of the State of New York, move to dismiss the complaint for failure to state a claim upon which relief can be granted, Rule 12(b)(6), Fed.R. Civ.P. Since we may not consider defendants' motions if a three-judge court is appropriate,[1] we turn first to plaintiffs' application under 28 U.S.C. § 2281.

### I

Plaintiffs are operators or lessees of "adult" book stores in the Time Square area of Manhattan, selling sexually oriented books, magazines and films. They allege that the enforcement of the obscenity laws by the defendants [2] violates their rights under the First, Fourth and Fourteenth Amendments because (1) New York Penal Law § 235.00, as authoritatively construed by the New York Court of Appeals, is overbroad and vague; (2) the search warrant and arrest without a warrant provisions of the New York Criminal Procedure Law (CPL), as applied to them, are invalid and (3) the obscenity laws are being enforced against them discriminatorily.

A three-judge court is required whenever a plaintiff seeks "an interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute. . . ." 28 U.S.C. § 2281. Counts I and II of plaintiffs' complaint seek such relief.

Our inquiry on plaintiffs' application for a three-judge court is limited to determining whether (1) the constitutional questions raised are substantial, (2) the complaint alleges, at least formally, a basis for equitable relief and (3) the case otherwise comes within the requirements of the three-judge statute.[3]

---

1. Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1970).

2. Plaintiffs allege, and defendants do not deny, that the enforcement of the obscenity

laws in New York County was suspended from August 1973 to January 1, 1974.

3. Idlewild Liquor Corp. v. Epstein, *supra*, 370 U.S. at 715; Abele v. Markle, 452 F.2d 1121, 1125 (2d Cir. 1971), vacated on other

■ Count II of the complaint [4] challenges the constitutionality of the alleged use by the New York City Police of so-called "police list" warrant procedures. Plaintiffs assert that the police, pursuant to valid warrants, enter their establishments, but having failed to discover the items detailed in the warrants, proceed to seize other material not specified in the warrant for the premises being searched, but for which other warrants have been issued covering other premises at other times. Allegedly, plaintiffs' employees are then arrested for violation of the obscenity laws. Plaintiffs contend that the New York search warrant and arrest without a warrant statutes, as thus applied by the police, violate the Fourth and Fourteenth Amendments.

■ It appears, however, that CPL § 690.05 et seq. do not support the alleged actions of the police. Under the statutes, a search warrant must contain a description of the place or premises to be searched and the property which is the subject of the search.[5] Moreover, a search warrant must be executed within ten days of its date of issuance.[6] Since in this case the police allegedly seized items *not* specifically detailed in the warrants they obtained, any seizures made were invalid under New York state law, and a judge of the Criminal Court has so held in an identical case.[7] Plaintiffs' constitutional challenge, therefore, is not directed at the statutes, which do not support the police's alleged actions but administration by the police of a constitutional statute in an unconstitutional manner, or in bad faith. Determination of such a claim does not require the convening of a three-judge court.[8] Count II, therefore, does not come within the provisions of 28 U.S.C. § 2281 and does not require the convening of a three-judge court.

■ Count I of plaintiffs' complaint attacks Penal Law § 235.00, as recently construed by the New York Court of Appeals in People v. Heller, 33 N.Y.2d 314, 352 N.Y.S.2d 601, 307 N.E.2d 805 (1973), in light of Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), as vague and overbroad. This is an attack on the statute itself, and since plaintiffs seek to enjoin enforcement of the statute, a three-judge court is appropriate if plaintiffs raise a substantial federal constitutional question.[9]

In Goosby v. Osser, 409 U.S. 512, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973), the Supreme Court recently outlined the standard for determining the substantiality

grounds, 410 U.S. 951, 93 S.Ct. 1417, 35 L. Ed.2d 683 (1973) ; Literature, Inc. v. Quinn, 482 F.2d 372, 374 (1st Cir. 1973).

4. Plaintiffs allege that the enforcement of Penal Law § 235.00 and the alleged unconstitutional application of the search warrant statutes have disrupted their businesses and caused them monetary loss. The requisite standing to bring this action is therefore present. Lido East Theatre Corp. v. Murphy, 337 F.Supp. 1345 (S.D.N.Y.1972) ; Hamar Theatres, Inc. v. Cryan, 365 F.Supp. 1312, 1319–1320 (D.N.J.1973) (three-judge court). Cf. Abele v. Markle, *supra*, 452 F. 2d at 1124–1125.

5. N.Y. CPL § 690.45.

6. N.Y. CPL § 690.30.

7. People v. Gomez, 73 Misc.2d 623, 342 N.Y. S.2d 903 (Crim.Ct., N.Y.Cty.1973).

8. Phillips v. United States, 312 U.S. 246, 252, 61 S.Ct. 480, 484, 85 L.Ed. 800 (1941) ; Overstock Book Co. v. Barry, 436 F.2d 1289, 1295 (2d Cir. 1970) ; United Artists Corp. v. Proskin, 363 F.Supp. 406, 409 (N.D.N.Y. 1973) (three-judge court) ; Rage Books, Inc. v. Leary, 301 F.Supp. 546–548 (S.D.N. Y.1969).

As the Supreme Court said in *Phillips:* "Some constitutional or statutory provision is the ultimate source of all actions by state officials. But an attack on lawless exercise of authority in a particular case is not an attack upon the constitutionality of a statute conferring the authority even though a misreading of the statute is invoked as justification. . . . In other words [plaintiff] seeks a restraint not of a statute but of an executive action. But the enforcement of a 'statute,' within the meaning of [§ 2281], is not sought to be enjoined merely because a state official seeks shelter under it by way of defense against a charge of lawlessness." 312 U.S. at 252.

9. Idlewild Liquor Corp. v. Epstein, *supra.*

of a constitutional claim. "A claim is insubstantial only if 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.'" 409 U.S. at 518.[10]

Basically, plaintiffs contend that the Court of Appeals in *Heller* failed to construe § 235.00 in accordance with the requirements of *Miller* and that, consequently, the statute is invalid. We disagree and believe that *Heller* so clearly follows the language and meaning of *Miller* that plaintiffs' attack on the statute is insubstantial and does not require the convening of a three-judge court.

*Miller* sets forth a threefold test for determining whether material is obscene. The material alleged to be obscene must (a) taken as a whole, appeal to the prurient interest, as interpreted by the average person applying contemporary community standards; (b) depict or describe, in a patently offensive way, sexual conduct specifically defined by the applicable state law as written or authoritatively construed; and (c) taken as a whole, lacks serious literary, artistic, political or scientific value. 413 U.S. at 24.

Plaintiffs claim that the Court of Appeals' construction of § 235.00 in *Heller* does not comply with the specificity requirements of *Miller* test (b) because the Court has now adopted Justice Stewart's famous definition of obscenity in Jacobellis v. Ohio, 378 U.S. 184, 197, 84 S.Ct. 1676, 1683, 12 L.Ed.2d 793 (1964), *i. e.,* "I know it when I see it." Plaintiffs have simply misread *Heller.*

The Court of Appeals noted in *Heller* that it had consistently interpreted § 235.00 and its predecessor, § 1141, to prohibit only hard core pornography. 33 N.Y.2d at 327, 352 N.Y.S.2d 601, 307 N.E.2d 805. The Court then gave meaning to this term by quoting directly from *Miller's* examples of "what a state statute could define for regulation under the second part (b) of the standard announced in this opinion," 413 U.S. 25:

"Hard core pornography consists of 'patently offensive representation or descriptions of ultimate sex acts, normal or perverted, actual or simulated [and/or] patently offensive representation or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.'" 33 N.Y.2d at 328, 352 N.Y.S.2d at 612, 307 N.E.2d at 813, quoting from 413 U.S. at 25.

The Court went on to note that hard core pornography "includes, and has been limited to, offensive depictions of ultimate sexual acts, masturbation, excretory functions, lewd exhibition of the genitals, *i. e.,* exactly that sort of thing described in the *Miller* opinion." 33 N.Y.2d at 328, 352 N.Y.S.2d at 613, 307 N.E.2d at 815. Thus, the Court of Appeals, in defining the meaning of obscenity and hard core pornography in New York, followed, with the utmost precision, the standard established by the Supreme Court in *Miller.* There can be no doubt that § 235.00, as construed in *Heller,* meets the specificity requirements of test (b), and plaintiffs' argument is, therefore, totally without merit.[11]

---

10. See also Ex parte Poresky, 290 U.S. 30, 32, 54 S.Ct. 3, 78 L.Ed. 152 (1933).

11. The recent three-judge court decision in Miranda v. Hicks, Civ.No. 73–2775 (C.D. Cal., June 4, 1974), is distinguishable. The court, in *Miranda,* found that the California obscenity statute, as construed by the California Court of Appeal, did not meet the specificity requirements of *Miller* test (b) because it merely prohibited "hard core pornography" and "graphic description of sex-

ual activity" without defining precisely what those phrases mean. Slip opinion at 11–12. In *Heller,* however, the New York Court of Appeals gave a clear, precise and unambiguous definition to the term "hard core pornography." Thus, the New York statute does not, unlike the California obscenity law, suffer from the vice of vagueness.

Plaintiffs also argue that, in construing the statute, the Court of Appeals has misread its precedents and the statute itself regarding the meaning of obscenity under § 235.00.

Plaintiffs also argue that the Court of Appeals' adoption of the "utterly without redeeming social value" test of Memoirs v. Massachusetts, 383 U.S. 413, 418–419, 86 S.Ct. 975, 977, 16 L.Ed.2d 1 (1966), instead of *Miller's* "serious value" test (test (c)), has rendered the statute vague and overbroad because the Supreme Court rejected the *Memoirs* test in *Miller* as unduly vague. *Miller*, however, did not hold that the *Memoirs* test was vague but found that the "utterly without" test placed on the prosecution "a burden virtually impossible to discharge under our criminal standards of proof." 413 U.S. at 22. Thus, the Court rejected the *Memoirs* test not because it was vague, but because it unduly restricted the prosecutor's attempts to secure convictions under the obscenity laws. Moreover, since the *Memoirs* test is, by definition, narrower than the serious value standard of *Miller*, plaintiffs cannot validly claim that the statute is overbroad.[12] We conclude that this attack on § 235.00, as construed, is frivolous and that Count I does not present a substantial constitutional question requiring the convening of a three-judge court. Since Count III does not seek injunctive relief, plaintiffs have failed to raise any claim which requires determination by a three-judge court, and plaintiffs' application for such a court must therefore be denied.

We turn now to the motions to dismiss.

## II

The Attorney General moves to dismiss all counts of the complaint for failure to state a claim upon which relief can be granted.

■ We have already held in Part I, *supra*, that Count I of the complaint does not present a substantial federal constitutional question. Since "it is essential to jurisdiction that a substantial federal question be presented," Count I must be dismissed for lack of subject matter jurisdiction.[13]

■ Although we have held that Count II does not require the convening of a three-judge court because it does not attack the constitutionality of a statute, it does not follow that plaintiffs have failed to state a sufficient claim under 42 U.S.C. § 1983. Thus, if we assume, as we must on this motion, that the allegations of the complaint are true, it appears that plaintiffs' Fourth and Fourteenth Amendment rights have been violated.[14] Since any alleged seizures made by the police cannot be deemed valid under the New York search warrant statutes, the police must justify the search of plaintiff's premises as a valid warrantless search, no small task in the obscenity field.[15]

We note, however, that "[w]hether state statutes are to be construed one way or another is a question of state law, final decision of which rests, of course, with the courts of the State." Garner v. Louisiana, 368 U.S. 157, 174, 82 S.Ct. 248, 257, 7 L. Ed.2d 207 (1961) (Opinion of Frankfurter, J., concurring); *Id.* at 166 (Opinion for the Court); United States v. 12 200 Ft. Reels of Film, 413 U.S. 123, 130 n. 7, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973) ("[W]e must leave to state courts the construction of state legislation. . . .") ; United States v. 37 Photographs, 402 U.S. 363, 369, 91 S. Ct. 1400, 2670, 28 L.Ed.2d 822 (1971) (Opinion of White, J.) ; Cramp v. Board of Public Instruction, 368 U.S. 278, 285, 82 S. Ct. 275, 7 L.Ed.2d 285 (1961).

12. Plaintiffs originally contended that the Court of Appeals had improperly read the serious value test into the statute, thus usurping a legislative function. They have now abandoned this argument, however, in light of Hughes v. Superior Court, 339 U.S. 460, 466–467, 70 S.Ct. 718, 94 L.Ed. 985 (1950), and Dreyer v. Illinois, 187 U.S. 71, 84, 23 S.Ct. 28, 47 L.Ed. 79 (1902).

13. Ex parte Poresky, *supra*, 290 U.S. at 31–32; Hagans v. Levine, 42 U.S.L.W. 4381, 4384, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed. 2d 577 (March 25, 1974) ; Almenares v. Wyman, 453 F.2d 1075, 1082 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972).

14. See People v. Gomez, *supra*, 73 Misc.2d 623, 342 N.Y.S.2d 903.

15. We note that abstention pending an authoritative determination of the state statutes involved by the New York courts is not required here, since no doubtful question of state law is involved. Chicago v. Atchison,

The Supreme Court has recently considered the validity of warrantless seizures of allegedly obscene material in *Roaden v. Kentucky*, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973). The Court noted, in *Roaden*, that seizures of books and films, which arguably fall within the protection of the First Amendment, are to be distinguished from seizures of contraband, stolen goods or weapons. 413 U.S. at 502, 504. And the Court said:

> "Such precipitate action by a police officer, without the authority of a constitutionally sufficient warrant, is plainly a form of prior restraint and is, in those circumstances, unreasonable under Fourth Amendment standards. The seizure is unreasonable, not simply because it would have been easy to secure a warrant, but rather because prior restraint of the right of expression, whether by books or films, calls for a higher hurdle in the evaluation of reasonableness. The setting of the bookstore or the commercial theater, each presumptively under the protection of the First Amendment, invokes such Fourth Amendment warrant requirements because we examine what is 'unreasonable' in the light of the values of freedom of expression." 413 U.S. at 504.

Thus, the Court indicated that the constitutional requirement that a warrant describe with particularity the "things to be seized" would be scrupulously enforced where First Amendment material was involved. 413 U.S. at 504, *citing with approval*, Stanford v. Texas, 379 U.S. 476, 485, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965).

■ The *Roaden* Court was careful to note, however, that a seizure reasonable in one setting may be unreasonable in another and remarked that films, especially, might be destroyed, removed or altered before they could be seized pursuant to warrant. Thus, the defendants may be able to show that exigent circumstances justified a warrantless search and seizure in this case. The possibility that such a showing may be made is irrelevant on this motion, however, since we are concerned only with the sufficiency of plaintiffs' § 1983 claim. In light of *Roaden*, and the applicable New York statutes, we think Count II states a valid claim for relief under § 1983, and, therefore, the motion to dismiss must be denied as to Count II.

Count III of the complaint seeks a declaratory judgment that defendants' enforcement of the obscenity laws against plaintiffs, but not against motion picture theatres in the Times Square area showing sexually oriented films, constitutes discriminatory law enforcement, in violation of the equal protection clause of the Fourteenth Amendment.

Since Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886), it has been clear that a statute, admittedly "fair on its face and impartial in appearance," may be "applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discrimination between persons in similar circumstances" and violate the equal protection clause. 118 U.S. at 373–374.

■ Although "the conscious exercise of some selectivity in enforcement is

---

T. & S. F. Ry., 357 U.S 77, 84, 78 S.Ct. 1063, 2 L.Ed.2d 1174 (1958). Moreover, no construction of the state law could avoid the question of whether plaintiff's constitutional rights have been violated. Baggett v. Bullitt, 377 U.S. 360, 378, 84 S.Ct. 1316, 12 L. Ed.2d 377 (1964). We therefore refuse to follow the Attorney General's suggestion that we abstain from deciding this issue and dismiss the complaint.

The rule of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is also inapplicable, since plaintiffs do not seek to enjoin any criminal charges now pending against them. They seek only to enjoin any future police action directed against them or their employees. Citizens for A Better Environment, Inc. v. Nassau County, 488 F.2d 1353, 1361 (2d Cir. 1973). We therefore refuse to dismiss this action on the authority of *Younger*.

not in itself a federal constitutional violation," [16] where such selectivity is "deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification," the equal protection clause is violated.[17] Plaintiffs must show more than a mere failure to prosecute other offenders.[18] Unequal administration of a state statute offends the equal protection clause only when an intentional and purposeful discrimination is shown.[19]

■ Plaintiffs' claim meets the standards established by the cases. They claim defendants' actions are based solely on an intentional discriminatory purpose to drive all "adult" book stores in New York County out of business, while permitting "adult" movie theatres to violate the obscenity laws. Such an arbitrary discrimination against the class, if proved by plaintiffs and not justified by defendants,[20] would constitute a violation of the equal protection clause.[21] Therefore, the motion to dismiss Count III must also be denied.

### III

This brings us to the New York County District Attorney's motion to dismiss Counts II and III for insufficiency pointing to the lack of specific allegations in the complaint of wrongful conduct by him or members of his office

and to his lack of jurisdiction over the challenged actions of the police.

■ In an action brought under 42 U.S.C. § 1983, a plaintiff must make specific allegations of conduct by a defendant which he claims violates his constitutional rights. Vague, general and conclusory allegations are not sufficient.[22] Counts II and III contain no allegations linking the District Attorney to the allegedly unconstitutional searches of plaintiffs' businesses or discriminatory enforcement of the obscenity laws by the police. Therefore, Counts II and III must be dismissed as to the District Attorney.

### IV

■ Plaintiffs also seek, as to Count II, preliminary injunctive relief enjoining defendants from further invalid searches and seizures. As indicated earlier, however, the proof at trial may show that the searches challenged were justified under the circumstances. Thus, we are not convinced plaintiffs will prevail at trial. A clear showing of likely success at trial is a prerequisite to the granting of a preliminary injunction.[23] Moreover, plaintiffs have failed to show, as they must, that they will suffer irreparable harm if we do not grant the preliminary injunction.[24] At

16. Oyler v. Boles, 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962).

17. Id. 368 U.S. at 456.

18. United States v. Rickenbacker, 309 F.2d 462 (2d Cir. 1962), cert. denied, 371 U.S. 962, 83 S.Ct. 542, 9 L.Ed.2d 509 (1963); Comment, 61 Colum.L.Rev. 1103, 1114 (1961).

19. Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Edelman v. California, 344 U.S. 357, 359, 73 S.Ct. 293, 97 L.Ed. 387 (1953); Moss v. Hornig, 314 F.2d 89, 92 (2d Cir. 1963); Shock v. Tester, 405 F.2d 852, 856 (8th Cir.), cert. denied, 394 U.S. 1020, 89 S.Ct. 1641, 23 L.Ed.2d 45 (1969).

20. Thus, it may be that defendants' decision, if any, not to enforce the obscenity statutes against movie theatres is within the range of their discretion, which is, "by its very na-

ture exceedingly broad." Washington v. United States, 130 U.S.App.D.C. 374, 401 F.2d 915, 925 (1968).

21. Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); Oyler v. Boles, supra; see, The Supreme Court, 1961 Term, 76 Harv.L.Rev. 54, 120–21 (1962).

22. Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck, 463 F.2d 620, 622–623 (2d Cir. 1972), cert. denied, 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973); Powell v. Workmen's Compensation Bd. of the State of New York, 327 F.2d 131 (2d Cir. 1961).

23. Packard Instrument Co. v. Ans, Inc., 416 F.2d 943 (2d Cir. 1969).

24. Packard Instrument Co. v. Ans, Inc., supra; Kahn v. Kaskel, 367 F.Supp. 784, 789–790 (S.D.N.Y.1973).

most, plaintiffs' premises are closed for a few hours at a time, with some small monetary loss suffered due to the alleged searches. This does not constitute the irreparable harm necessary to justify a preliminary injunction. Therefore, the application for injunctive relief will be denied.

Accordingly, plaintiffs' applications for the convening of a three-judge court and preliminary injunctive relief are denied. Defendant Attorney General's motion to dismiss is granted as to Count I of the complaint and otherwise denied. Defendant District Attorney's motion to dismiss is granted as to Counts II and III of the complaint.

So ordered.